Hollis C. Smith, et al. [1] v. Commissioner. Smith v. Commissioner
Docket Nos. 4534-63, 4535-63, 4600-63. .
United States Tax Court
T.C. Memo 1965-224; 1965 Tax Ct. Memo LEXIS 106; 24 T.C.M. (CCH) 1145; T.C.M. (RIA) 65224; August 18, 1965
deQuincy V. Sutton and W. E. Logan, Hatten Bldg., Gulfport, Miss., for the petitioners. Robert W. Goodman, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in the income tax of petitioner Hollis C. Smith and petitioners Lester E. and Opal G. Thomas for the calendar year 1960 in the amounts of $130.02 and $155, respectively, and determined deficiencies in the income tax of petitioners Thomas Edward Kellar, Jr. *107 , and Irene D. Kellar for the calendar years 1959 and 1960 in the amounts of $296.36 and $361.70, respectively. Certain issues raised in the petition in the case of Hollis C. Smith were conceded at the trial by petitioner, leaving for our decision the common issue in these consolidated cases of whether petitioners were required to include in their taxable income, and if so were entitled to deduct, amounts paid to them as reimbursement for expenses of meals and lodging incurred while away from the houses which were maintained as their family residences. Respondent, by letter dated July 16, 1965, notified the Court that he conceded the only issue tried and that he had notified one of counsel for petitioners of the concession he intended to make, but petitioner's counsel "refused to settle the cases on this basis because he wants the Court to render an opinion." The Court accepts respondent's concession and on this basis decides the only litigated issue in favor of petitioners. However, since no settlement agreement of the parties has been filed with the Court, it is deemed necessary that an outline of the basic facts be stated as well as the Court's conclusion to accept respondent's *108 concession. Findings of Fact Some of the facts have been stipulated and are found accordingly. Hollis C. Smith (hereinafter referred to as Smith) filed his individual Federal income tax return for the calendar year 1960 with the district director of internal revenue at Jackson, Mississippi, giving his home address as R 3, Meadville, Mississippi. Lester E. and Opal G. Thomas, husband and wife, filed a joint Federal income tax return for the calendar year 1960 with the district director of internal revenue at Jackson, Mississippi, giving their address as Rt. #2, Blue Mountain, Mississippi. Thomas Edward, Jr., and Irene D. Kellar, husband and wife, filed a joint Federal income tax return for each of the years 1959 and 1960 with the district director of internal revenue at Jackson, Mississippi, giving their address on each of these returns as Osyka, Mississippi. During 1960 Smith was married and had one child. During 1960 and for some months prior thereto Smith's family resided in a home in Meadville, Mississippi, which Smith owned. During 1960 and for some time prior thereto Lester E. Thomas (hereinafter referred to as Thomas) owned a home in Blue Mountain, Mississippi, *109 in which his family resided. During each of the years 1959 and 1960 Thomas Edward Kellar, Jr., (hereinafter referred to as Kellar) rented a house in Osyka, Mississippi in which his wife and children resided throughout these years. During part of the year 1960 Smith and Thomas were both employed as weight inspection station operators by the Office of the Motor Vehicle Comptroller of the State of Mississippi, Jackson, Mississippi. Smith commenced his employment as a weight inspection station operator on February 1, 1960, and Thomas, on June 6, 1960. During the years 1959 and 1960, Kellar was employed as a weight inspection station operator by the Office of Motor Vehicles Comptroller of the State of Mississippi. The State of Mississippi, through the Office of the Motor Vehicle Comptroller, Jackson, Mississippi, operates approximately 23 weight inspection stations throughout the State of Mississippi. These stations are located near the borders of the State on the main highways leading into and out of the State. They are located at the following points in Mississippi: Corinth, Walnut, Penton, Hernando, Holly Springs, Lulu, Leland, Vicksburg, Natchez, Centreville, Osyka, Poplarville, *110 Columbia, Bay St. Louis, Orange Grove, Lucedale, Waynesboro, Kewanee, Columbus, Gattman, Fulton, and Jackson. The Office of the Motor Vehicle Comptroller also operates a portable weight inspection station. The stationary scales are generally manned by four employees working on 8-hour shifts. These shifts generally are from 12:01 a.m. to 8 a.m., 8 a.m. to 4 p.m., and 4 p.m. to 12 m. Generally one man is at the weight inspection station at all times and each employee is off one day a week. The fourth employee at the weight station substitutes for the individual who is off from work. The majority of the weight inspection stations are located near small towns and in some instances they are several miles away from the nearest town or city. The purpose of the weight inspection stations is to aid in the enforcement and administration of the laws of the State of Mississippi with reference to the levying and collection of taxes on gasoline, oil, and other petroleum products; the laws relating to the grades, standards and specifications of gasoline, oil and other petroleum products; the laws relating to the levying and collection of motor vehicle privilege license taxes, or other motor vehicle *111 taxes; the laws relating to the size and weight of vehicles operating or to be operated upon the roads, streets or highways of the State of Mississippi, or with reference to other physical qualifications of any vehicle to be operated on such roads, streets or highways; laws with reference to the nature and extent of any cargo being or to be transported over the roads, streets or highways of the State. It is the duty of all employees on duty at any weight inspection station to enforce the provisions of the laws relating to the above matters, and in the performance of their duties such employees have the right to wear uniforms and bear arms, and have the authority to make arrests and to hold or impound any vehicle which is being operated in violation of any of the laws administered by the Motor Vehicle Comptroller of the State of Mississippi. During the years of their employment, Smith, Thomas and Kellar each was paid a monthly salary and was reimbursed for certain expenses in accordance with the laws of Mississippi providing for the payment of travel expenses of weight inspection station operators incurred in the performance of their official duties. The laws of Mississippi in effect *112 during the years 1959 and 1960 authorized the payment of 7 cents per mile for each mile actually and necessarily traveled by weight inspection station operators when such travel was done by automobile or other private vehicle not owned by the State. In addition the Mississippi laws provided that weight inspection station operators be reimbursed for other expenses such as meals, lodging, and other necessary expenses when actually incurred in the course of such travel up to a maximum of $6 per day. During the years 1959 and 1960 Mississippi weight inspection station operators were subject to being transferred from working at one weight station to work at another station at any time. Often weight inspection operators are stationed considerable distances from the places where their families live. Not only are weight inspection operators subject to transfer at any time, but it is the policy of the State to transfer such employees frequently. Sometimes transfers are made with little or no advance notice to the employees. It is the exception when such an employee works at one weight station for more than approximately 6 months before being transferred to another station. It is not uncommon *113 for a weight inspection station operator to be stationed at as many as two to four different weight stations during any one calendar year. The State of Mississippi paid each weight inspection station operator who lived within approximately 10 to 12 miles of the weight station where he was working 7 cents per mile for one round trip each workday from the place where he lived to the weight inspection station. Where the place of residence of the weight inspection station operator's family was sufficiently distant that it was necessary for such operator to obtain a room near the weight inspection station, the operator was paid a maximum of $6 per day reimbursement for the cost of room and meals and also 7 cents a mile for expense of traveling from the place where he was rooming to the weight inspection station up to approximately 25 miles per day. Weight inspection station operators are reimbursed upon submission of vouchers to the State and in order to be reimbursed for room rent and meals, the employee must show that he expended the amount claimed as reimbursement. From February 1 to February 14, 1960, Smith was stationed at the weight control station at Jackson, Mississippi, from *114 February 14 to March 13, 1960, at Osyka, from March 13 to September 4, 1960 at Centreville, from September 4 to December 11 at Natchez, and from December 11 until the end of the year 1960 at Centreville. During the year 1960 the State of Mississippi paid Smith the following amounts, in addition to his salary, for travel performed as a weight inspection station operator: Mileage
$1,051.68
Subsistence
842.10
Other
6.35
$1,900.13
After Thomas began working for the State of Mississippi as a weight inspection station operator on June 6, 1960, he was stationed at the following locations: From June 6 to June 24, 1960, at Jackson, Mississippi; from June 25, 1960, to the end of the year 1960, at Holly Springs, Mississippi. During the year 1960 the State of Mississippi paid Thomas the following amounts, in addition to his salary, for travel performed as weight inspection station operator: Mileage
$ 327.04
Subsistence
953.23
$1,280.27
During the years 1959 and 1960 Kellar worked for the State of Mississippi as a weight inspection station operator at the following locations: From January 1 to May 18, 1959, at Osyka, Mississippi; from May 18 *115 to October 13, 1959, he worked on a portable weight station; from October 13 to December 16, 1959, in Jackson, Mississippi; from December 16, 1959 to January 24, 1960, he worked on a portable weight station; from January 24, to October 17, 1960, at Osyka, Mississippi; from October 17, to December 18, 1960, at Jackson, Mississippi; and from December 18 to December 31, 1960, at Osyka, Mississippi. During the year 1959, the State of Mississippi paid Kellar the following amounts, in addition to his salary for travel performed as a weight inspection station operator: Mileage
$1,380.96
Subsistence
1,539.10
$2,920.06
During the year 1960 the State of Mississippi paid Kellar the following amounts in addition to his salary for travel performed as a weight inspection station operator: Mileage
$ 746.89
Subsistence
1,808.47
$2,555.36
Smith and Thomas included none of the amounts paid to them by the State of Mississippi in addition to salary for travel as a weight inspection station operator in their taxable income reported on their income tax returns for the calendar year 1960. Kellar included no such amount paid to him by the State of Mississippi *116 in 1959 or 1960 in the income reported by him on his income tax returns for the years 1959 and 1960. Respondent for the calendar year 1960 increased Smith's income as reported by $842.10 and allowed Smith an additional deduction for uniform upkeep of $192 with the following explanation: It is determined that you received additional income of $842.10 from the Motor Vehicle Comptroller, State of Mississippi, during the taxable year ended December 31, 1960, which amount constitutes gross income under the provisions of section 61 of the Internal Revenue Code of 1954. It is further determined that you are not entitled to any deduction for expenses as defined in sections 62 and 162 of the Internal Revenue Code of 1954. It is determined that a deduction in the amount of $192.00 is allowable for upkeep of uniforms as claimed in the amended return filed by you. Section 212 of the Internal Revenue Code of 1954. Respondent in his notice of deficiency to Thomas increased his reported taxable income for the year 1960 by the amount of $998.51 with the following explanation: It is determined that you received additional *117 income of $1,301.65 from the Motor Vehicle Comptroller, State of Mississippi, during the taxable year ended December 31, 1960, which amount constitutes gross income under the provisions of section 61 of the Internal Revenue Code of 1954. It is further determined that a deduction for expenses is allowable in the amount of $303.14 under the provisions of section 62 of the Internal Revenue Code of 1954. Accordingly, your adjusted gross income is increased by $1,301.65 less $303.14, or a net increase of $998.51. Respondent in his notice of deficiency to Kellar increased his reported income for the years 1959 and 1960 by the amounts of $1,539.10 and $1,808.47, respectively with the following explanation: It is determined that you received additional income of $2,931.99 from the Motor Vehicle Comptroller, State of Mississippi, during the taxable year ended December 31, 1959, which amount constitutes gross income under the provisions of section 61 of the Internal Revenue Code of 1954. It is further determined that a deduction for expenses is allowable in the amount of $1,392.89 under the provisions of section 62 of the Internal Revenue Code *118 of 1954. Accordingly, your adjusted gross income is increased by $1,539.10. * * *
It is determined that you received additional income of $2,563.58 from the Motor Vehicle Comptroller, State of Mississippi, during the taxable year ended December 31, 1960, which amount constitutes gross income under the provisions of section 61 of the Internal Revenue Code of 1954. It is further determined that a deduction for expenses is allowable in the amount of $755.11 under the provisions of section 62 of the Internal Revenue Code of 1954. Accordingly, your adjusted gross income is increased by $1,808.47. Opinion We accept respondent's concession and on the basis of this concession decide the only litigated issue for petitioners. It appears that the decision of the litigated issue herein for petitioner Smith will result in an overpayment of income tax by him for the year 1960. Respondent's letter to the Court states that as a result of his concession he has determined that there are no deficiencies due from or overpayment due to Thomas and Kellar, and that there is an overpayment of $38.40 due to Smith for the calendar year 1960. Respondent *119 further states that he is agreeable to the Court's entering decisions on the basis of his concessions. However, the preferable procedure is for the parties to make a recomputation of the tax liability of Smith for the year 1960. Decision will be entered under Rule 50 in Docket No. 4534-63. Decisions will be entered for petitioners in Docket Numbers 4535-63 and 4600-63. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Lester E. Thomas and Opal G. Thomas, Docket No. 4535-63 and Thomas Edward Kellar, Jr., and Irene D. Kellar, Docket No. 4600-63.↩